RICHARD W. EVANS and ANNA S. EVANS, Respondents, *v.* THE KEYSTONE GAS COMPANY, Appellant.

*Destruction of shade trees by gas leaking from a main — evidence — measure of damages.*

In an action brought to recover damages from a gas company for the destruction of shade trees on the plaintiff's premises near a village street, alleged to have been caused by the defendant's negligence in permitting gas to leak from the street main between the time of the introduction and the repair of a street gas main, the plaintiff was permitted to show that trees of the same kind on the same side of the street were, during the same period, for a considerable distance from his premises, affected in like manner.

*Held,* that this evidence was competent as bearing upon the cause of the injury to the plaintiff's trees.

*Semble,* that the rule of damages in such a case is the difference in value of the plaintiff's premises with and without the shade trees in question.

APPEAL by the defendant, the Keystone Gas Company, from a judgment of the Supreme Court, entered in the office of the clerk of Cattaraugus county on the 4th day of June, 1892, upon a verdict in favor of the plaintiffs, rendered at the Cattaraugus Circuit, and

also from an order made on the 26th day of May, 1892, denying the defendant's motion for a new trial made upon the minutes.

*Charles S. Cary*, for the appellant.

*Fred. L. Eaton*, for the respondents.

BRADLEY, J. :

The action was brought to recover damages alleged to have been sustained by the plaintiffs in the injury to their premises situated on the east side of First street in the village of Olean by the negligence of the defendant, in that the defendant permitted its gas main laid on that street to leak, and thereby destroyed three shade trees of the plaintiffs on such premises and standing near the street. The defendant, to supply the inhabitants of that village with gas light and to light that street, had, prior to 1886, introduced into it natural gas, and in that year, to increase the supply, placed beneath the surface there an eight-inch main pipe from which were extended lateral pipes as they were wanted for the purpose of lights.

In front of the plaintiffs' residence and along near the street, were three maple shade trees which had been there fifteen years and had attained the size of about fifteen inches in diameter.

They are represented to have been fine thrifty trees, not only ornamental, but useful to the plaintiffs' premises (consisting of a dwelling house and lot) as a shade in the summer season. Two of those trees died, and the life of the other one was substantially destroyed, after such larger main was put into the street. The plaintiffs charged, and evidence on their part tended to prove, that gas quite abundantly leaked from the main from the time it was placed there until it was repaired in 1889, and in consequence of such leakage vegetation along the street was to some extent destroyed, and to the like cause was attributed the injury to and destruction of the shade trees in question. The evidence permitted the conclusion that such was the cause of the injury complained of, and that it was attributable to the negligence of the defendant in its failure to put and keep its main pipe along First street in proper condition.

The question as one of fact was fairly submitted to the jury, and they found against the defendant, and their verdict is supported by

the evidence. It appeared that maple shade trees on the same side of the street were during the same period for a considerable distance from the plaintiffs' premises affected in like manner. There was no error in the reception of the evidence on that subject, as it also tended to prove that gas leaked from the main pipe along that entire distance. It was in some sense illustrative of the effect of escaping gas upon vegetation, and in that view was competent as bearing so far as it might upon the cause of the injury to the plaintiffs' trees. The inquiry proceeded further by evidence to the effect that after the leakage of this main pipe was stopped by repairs in 1889, the difficulty with vegetable life and growth along the street ceased, and while before then for several years the plaintiffs were unable to make young trees along there survive, thereafter they lived and were thrifty.

The exceptions to the reception of evidence bearing upon the question of damages were not well taken. It may be assumed that the rule in that respect applicable to this case was the difference in value of the premises with and without those shade trees. (*Dwight v. E., C. & N. R. R. Co.*, 132 N. Y. 199.)

The evidence upon the subject mainly was within that rule.

There was, however, in the early stage of the trial an inquiry made on the part of the plaintiffs calling for an estimate of the value of the trees destroyed on the plaintiffs' premises.

The objection to the reception of the evidence was not placed upon a tenable ground, and for that reason the exception requires no consideration.

None of the exceptions appearing in the record have the support of error in the ruling to which they were taken.

The judgment and order should be affirmed.

LEWIS and HAIGHT, JJ., concurred.

Judgment and order appealed from affirmed.